UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────────

LUCIA MARIA MARINACCIO

                      Plaintiff,

    v.

NANCY A. BERRYHILL,[1] Commissioner of
Social Security,

                      Defendant.

**DECISION
and
ORDER

15-CV-00270-LGF
(consent)**

───────────────────────────────────────────

APPEARANCES:        LAW OFFICES OF KENNETH HILLER
                          Attorneys for Plaintiff
                          TIMOTHY HILLER, of Counsel
                          6000 N. Bailey Avenue
                          Suite 1A
                          Amherst, New York 14226

                          JAMES P. KENNEDY
                          ACTING UNITED STATES ATTORNEY
                          Attorney for Defendant
                          KAREN T. CALLAHAN
                          Assistant United States Attorney, of Counsel
                          Federal Centre
                          138 Delaware Avenue
                          Buffalo, New York 14202, and
                          STEPHEN P. CONTE
                          Regional Chief Counsel
                          United States Social Security Administration
                          Office of the General Counsel, of Counsel
                          26 Federal Plaza
                          Room 3904
                          New York, New York 10278

---

[1] Nancy A. Berryhill became Acting Commissioner of the Social Security Administration on January 23, 2017. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Carolyn Colvin as the defendant in this suit. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On May 27, 2006, the parties consented, pursuant to 28 U§.C. § 636(c), to proceed before the undersigned. (Dkt. 11). The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, filed by Plaintiff in September 8, 2015 (Dkt. 7), and by Defendant on February 8, 2016 (Dkt. 9). For the reasons discussed below, Plaintiff's motion is granted to the extent that this case is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order, and the Commissioner's motion is denied.

## BACKGROUND and FACTS

Plaintiff Lucia Maria Marinaccio ("Plaintiff ") brings this action pursuant to the Social Security Act ("the Act"), seeking review of the Acting Commissioner of Social Security ("the Commissioner" or "defendant") decision denying her applications for disability benefits for Supplemental Security Income ("SSI") benefits under Title II of the Act and Social Security Disability Insurance benefits ("SSDI") under Title XVI of the Act (together "disability benefits"). Plaintiff, a high school graduate, worked as a sales associate and stocker for Walmart (R. 176), until Plaintiff quit work after being injured in a car accident on June 2, 2006. (R. 221).

Plaintiff filed an application for SSI benefits on November 7, 2010 (R. 130)[2], and SSDI benefits on November 29, 2010 (R. 159), that was initially denied by Defendant on February 21, 2012, and, pursuant to Plaintiff's request filed on February 27, 2012 (R. 64), a hearing was held before Administrative Law Judge Curtis Axelson ("Axelson" or "the ALJ"), on April 25, 2013, in Buffalo, New York. (R. 28-53). Plaintiff, represented by Timothy Hiller, Esq. ("Hiller"), appeared and testified at the hearing. The ALJ's decision denying Plaintiff's claim was rendered on September 6, 2013. (R. 10-27). Plaintiff requested review by the Appeals Council, and the ALJ's decision became Defendant's final decision when the Appeals Council denied Plaintiff's request for review on January 30, 2015. (R. 1-4). This action followed on March 30, 2015, with Plaintiff alleging that the ALJ erred by failing to find her disabled. (Doc. No. 1).

On September 8, 2015, Plaintiff filed a motion for judgment on the pleadings ("Plaintiff's motion"), accompanied by a memorandum of law (Doc. No. 7) ("Plaintiff's Memorandum"). Defendant filed, on February 8, 2015, Defendant's motion for judgment on the pleadings ("Defendant's motion"), accompanied by a memorandum of law (Doc. No. 9) ("Defendant's Memorandum"). Plaintiff filed a reply to Defendant's motion on the pleadings on February 29, 2015, ("Plaintiff's Reply Memorandum") (Doc. No. 10). Oral argument was deemed unnecessary.

---

[2] "R" references are to the page numbers of the Administrative Record submitted in this case for the Court's review.

**DISCUSSION**

A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or the decision is based on legal error. *See* 42 U.S.C. 405(g); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence" means 'such relevant evidence as a reasonable mind might accept as adequate.'" *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). At step one of the sequential evaluation, *see* 20 C.F.R. § § 404.1520, 416.920, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since June 2, 2010, Plaintiff's alleged onset date of disability. (R. 15). At step two, the ALJ determined that Plaintiff suffered from the severe impairments of cervical and lumbar disc disease, anxiety and depression. *Id.* At step three, the ALJ found that Plaintiff's impairments, did not meet or medically equal the criteria for disability under Appendix 1 of 20 C.F.R. Pt. 404, Subpt. P ("The Listing of Impairments"), specifically 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 1.04 ("§ 1.04") (Disorders of the spine), 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 12.04 ("§ 12.04") (Affective disorders), and 20 C.F.R. Pt. 404, Subpt. P, Appendix 1, § 12.06 ("§ 12.06") (Anxiety related disorders). (R. 16). At step four, the ALJ assessed Plaintiff's residual functional capacity and determined that Plaintiff had the residual functional capacity to perform sedentary work with the limitation of performing two and three-step tasks and only occasional interaction with the public (R. 17), and determined that Plaintiff was unable to perform Plaintiff's past relevant work under 20 C.F.R. § 404.1565, 404.965. (R. 21). At step five, the ALJ determined that, considering Plaintiff's age, education, work experience, and residual functional capacity ("RFC"), jobs exist in the national

economy that Plaintiff would be able to perform and that Plaintiff was therefore not disabled. (22-23).

Although not specifically alleged by Plaintiff, the undersigned finds that substantial evidence supports that Plaintiff's cervical spine impairment meets the criteria for disability under 20 C.F.R. Pt. 404, Subpt. P, Appendix 1 § 1.04(A), requiring a disability claimant must establish that he or she suffers from a disorder of the spine with:

> A. [e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight leg raising test (sitting and supine); . . .

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 104(A).

In this case, the ALJ's mere recital of the criteria required to be deemed disabled under § 1.04(A), does not provide Plaintiff or this court with enough information to understand the reasoning behind the ALJ's finding that Plaintiff was not disabled. *See Szarowica v. Astrue*, 2012 WL 3095798, at *5 (W.D.N.Y. July 30, 2012) ("it is particularly important for an ALJ to specifically address conflicting probative evidence with respect to the step three analysis, because a claimant whose condition meets or equals that of a Listing is deemed disabled *per se* and eligible to receive benefits."). The ALJ includes discussion of Plaintiff's magnetic resonance imaging ("MRI") test results completed on June 11, 2010, that revealed a C6[3]-C7 disc herniation to Plaintiff's cervical spine (R. 233), but fails to acknowledge that Plaintiff's disc herniation also indents the anterior aspect of Plaintiff's thecal sac (R. 233), such that Plaintiff is able to meet the first criteria

---

[3] C6-C7 refers to the numbered segments of an individual's cervical spine.

under § 1.04(A) (evidence of nerve root compression). Substantial evidence also supports that Plaintiff meets the criteria for neuroanatomic pain as evidenced during Plaintiff's physical examinations (R. 243, 247, 259, 260, 278, 327, 328, 331, 334, 337, 353, 355, 375), significant enough to warrant a regimen of pain medication even while Plaintiff was engaged in drug addiction treatment with suboxone[4] (R. 249, 263, 329, 333, 337). Substantial evidence also supports that Plaintiff's spinal impairment resulted in reduced cervical range of motion ("ROM") (R. 258, 279, 329, 330, 331, 353), accompanied by weakness (motor loss) (R. 330, 331), and sensory or reflex loss (R. 244, 258, 279, 329, 330, 331, 337, 353), such that Plaintiff meets the remaining criteria to be deemed disabled under § 1.04(A). Notably, Plaintiff's cervical impairment involved Plaintiff's lumbar region, and Plaintiff was evaluated with positive straight leg raising ("SLR") test results in sitting and supine positions on January 26, 2012. (R. 279). Where, as here substantial evidence supports that the claimant meets the criteria for disability under step three, a more complete discussion of the reasons why the claimant was not able to meet the listing is necessary. *See Berry v. Schweiker*, 675 F.2d 464, 468 (2d Cir. 1982) (remand appropriate where court cannot fathom ALJ's rationale). Accordingly, the matter must be remanded for the ALJ to reassess Plaintiff's medical record with regard to the criteria of Listing § 1.04(A). To find Plaintiff is not disabled at step three, the ALJ must articulate the criteria under Listing § 1.04(A) that Plaintiff fails to meet, and what evidence the ALJ relies upon to support that finding. *See Naumovski v. Colvin*, 2014 WL 4418101, at *7 (W.D.N.Y. Sept. 8, 2014) (where symptoms appear

---

[4] Suboxone (buprenorphine and naloxone) is an opioid used to treat opiate addiction.

6

to match a listed impairment the ALJ must explain a finding of ineligibility). Otherwise, the ALJ must find Plaintiff is disabled under listing § 1.04(A) and grant Plaintiff benefits.

If, on remand, however, the ALJ finds Plaintiff does not have a severe medically determinable physical or mental impairment, 20 C.F.R. § § 404.1520(a)(4)(ii), that significantly limits the Plaintiff's physical and mental ability to do work activities, *Berry*, 675 F.2d at 467, such that Plaintiff is not able, based solely on medical evidence, to meet the criteria established for an impairment listed under Appendix 1, the burden shifts to the Commissioner to show that despite Plaintiff's severe impairment, Plaintiff retains the residual functional capacity to perform alternative work, 20 C.F.R. § 404.1520(a)(4)(iv), and prove that substantial gainful work exists that Plaintiff is able to perform in light of Plaintiff's physical capabilities, age, education, experience, and training. *Parker*, 626 F.2d 225 at 231. To make such a determination, the Commissioner must first show that Plaintiff's impairment or impairments are such that they nevertheless permit certain basic work activities essential for other employment opportunities. *Decker v. Harris*, 647 F.2d 291, 294 (2d Cir. 1981). Specifically, the Commissioner must demonstrate by substantial evidence Plaintiff's "residual functional capacity" with regard to the applicant's strength and "exertional capabilities." *Id.* An individual's exertional capability refers to the performance of "sedentary," "light," "medium," "heavy," and "very heavy" work. *Decker*, 647 F.2d at 294. In this case, the ALJ determined that Plaintiff had the residual functional capacity to perform sedentary work with two and three-step tasks and occasional interaction with the public. (R. 17).

ALJs are "entitled to weigh all of the evidence available to make an RFC finding that [i]s consistent with the record as a whole," and residual functional capacity

assessments may not perfectly correspond with any individual medical opinion. *See Matta v. Astrue,* 508 Fed. App'x 53, 56 (2d Cir. 2013). "When determining a claimant's RFC, the ALJ is required to take the claimant's reports of pain and other limitations into account, but is not required to accept the claimant's subjective complaints without question; he may exercise discretion in weighing the credibility of the claimant's testimony in light of the other evidence." *Genier v. Astrue,* 606 F.3d 46, 49 (2d Cir. 2010).

Here, the ALJ assigned significant weight to the opinion of Robert M. Ungerer, M.D. ("Dr. Ungerer"), (Plaintiff was capable of performing full time work), rejecting Dr. Ungerer's more specific opinion that Plaintiff was restricted to sitting for five minutes at a time, standing for 20 minutes and driving for 20 minutes. (R. 21). The ALJ afforded "great weight" to the opinion of Gautam Arora, M.D. ("Dr. Arora"), and significant weight to the opinions of Ronald Santasiero, M.D. ("Dr. Santasiero") (Plaintiff's suboxone maintenance physician), and the opinions of consultative physicians Thomas Ryan, PhD., ("Dr. Ryan") (Plaintiff had mild difficulty performing complex tasks and ability to relate adequately with others and deal with stress) (R. 275), and Hillary Tzetzo, M.D. ("Dr. Tzetzo") (Plaintiff had moderate difficulties to maintaining concentration, persistence or pace and maintaining social functioning) (R. 291). Plaintiff alleges that remand is required as the ALJ improperly rejected the opinion of Dr. Ungerer that Plaintiff was capable of performing full time work, in favor of a less particularized opinion proffered by Dr. Arora that Plaintiff had a moderate limitation to bending, twisting, lifting, and carrying, and activities requiring complete range of cervical spine motion and a mild limitation to standing and walking (R. 280), and that the ALJ should be required to re-

contact Dr. Arora for a more detailed statement of Dr. Arora's use of words like "mild" and "moderate" to describe Plaintiff's medical condition. Plaintiff's Memorandum at 18-19. Defendant points to the rulings in *Lewis v. Colvin*, 548 Fed. App'x 675, 766-78 (2d Cir. 2013) and *Dier v. Colvin*, 2014 WL 2931400, at *12 (E.D.N.Y. Aug. 21, 2013), to support Defendant's contention that a consultative examiner's use of terms like "mild" and "moderate" are not impermissibly vague, Defendant's Memorandum at 22-23, that the ALJ resolved any inconsistencies within the record, Defendant's Memorandum at 24-15, and that none of Plaintiff's physicians identified any postural limitations that would preclude Plaintiff from performing sedentary work. Defendant's Memorandum at 24. Defendant's argument is misplaced.

In particular, on June 3, 2011, Dr. Ungerer reviewed Plaintiff's complete medical record and opined that Plaintiff would be restricted to work eight hours a day, five days per week, with restrictions to sitting for five minutes, standing for 10 minutes and driving for 20 minutes, and that the Plaintiff was "disabled at this time." (R. 379). Significantly, a claimant's ability to perform sedentary work is based on the claimant's ability to sit and stand. *See Cordero v. Colvin,* 2016 WL 6829646, at *5 (W.D.N.Y. Nov. 21, 2016) (sitting limitation of four to five hours excludes an individual from performing sedentary work); *see also* S.S.R. 96-9p (S.S.A.), 1996 WL 374185, at *3 (July 2, 1996) (sedentary work generally requires the ability to sit for about six hours in an eight-hour workday and walk and stand no more than two hours in an eight-hour workday). The ALJ, however, includes no discussion of Dr. Ungerer's opinion that Plaintiff is disabled (R. 379), and

9

assigns little weight to Dr. Ungerer's findings[5] on Plaintiff's limitations to sitting and standing that would otherwise exclude Plaintiff from performing sedentary work, despite substantial evidence that Plaintiff's ability to sit and stand is seriously limited. In particular, Plaintiff testified that she is able to stand and sit for 30 minutes before pain requires her to change positions (R. 44-45), and the ALJ noted that Plaintiff stood numerous times during Plaintiff's 36 minute-long hearing. (R. 52). Although the ALJ afforded "great weight" to Dr. Arora's opinion that Plaintiff had a mild limitation to standing and walking, Dr. Arora provided no finding on Plaintiff's ability to sit. (R. 21, 280). The ALJ also failed to include consideration of Dr. Ryan's note indicating that Plaintiff stood during a portion of Dr. Ryan's examination of Plaintiff as a result of Plaintiff's "apparent discomfort" while sitting. (R. 275). The ALJ's rejection of Dr. Ungerer's findings on Plaintiff's ability to sit and stand is therefore without support of substantial evidence and requires remand. Upon remand, the ALJ should include specific findings on Plaintiff's ability to sit and stand within the ALJ's residual functional capacity assessment of Plaintiff and whether such limitations preclude Plaintiff from performing sedentary work.

Plaintiff's further contention that the ALJ erred in not including reasons why Plaintiff is able to interact with supervisors and not the general public, Plaintiff's Memorandum at 23-24, however, is without merit. ALJs are "entitled to weigh all of the evidence available to make an RFC finding that [i]s consistent with the record as a whole," and residual functional capacity assessments may not perfectly correspond with

---

[5] The ALJ refers to Exh. 6F, p. 7, as related to Dr. Ungerer's medical examination of Plaintiff on June 3, 2011. The correct reference in the record is Exh. 20F, p. 2-7. (R. 374-79).

any individual medical opinion. *See Matta v. Astrue,* 508 Fed. App'x 53, 56 (2d Cir. 2013). In this case, the ALJ included discussion of Plaintiff's mental impairments and provided reasons to support the ALJ's findings. (R. 16-17, 21-22). As such the ALJ's findings on Plaintiff's ability to interact with supervisors and the general public is supported by substantial evidence. Plaintiff's motion on this issue is therefore denied.

In addition to determining whether a disability claimant has the residual functional capacity to return to work, the Commissioner must establish that the claimant's skills are transferrable to the new employment if the claimant was employed in a "semi-skilled" or "skilled" job.[6] *Id.* at 294. This element is particularly important in determining the second prong of the test, whether suitable employment exists in the national economy. *Id.* at 296. Where applicable, the Medical Vocational Guidelines of Appendix 2 of Subpart P of the Regulations ("the Grids") may be used to meet the Secretary's burden of proof concerning the availability of alternative employment and supersede the requirement of VE testimony regarding specific jobs a claimant may be able to perform in the regional or national economy. *Heckler v. Campbell*, 461 U.S. 458, 462 (1983). As remand will necessarily alter the ALJ's residual functional capacity assessment of Plaintiff, upon remand, the ALJ should provide a finding on the availability of alternative employment in the national economy using the Grids, or alternatively, require testimony from a VE on whether specific jobs exist that Plaintiff is able to perform in the regional or national economy.

---

[6] The regulations define three categories of work experience: "unskilled", "semi-skilled", and "skilled". *Decker, supra*, at 295.

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion (Doc. No. 7) is GRANTED; Defendant's motion (Doc. No. 9) is DENIED, and the matter remanded for further proceedings consistent with this Decision and Order. The Clerk of the Court is directed to close this file.

So Ordered.

*/s/ Leslie G. Foschio*

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED: October 11, 2017
Buffalo, New York