UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LUCIA M.,

                         Plaintiff,

             v.

ANDREW M. SAUL,[1] Commissioner of
  Social Security,

                       Defendant.
_____

**DECISION
and
ORDER**

**15-CV-270F
(consent)**

APPEARANCES:         LAW OFFICES OF KENNETH R. HILLER, PLLC
                       Attorneys for Plaintiff
                       KENNETH R. HILLER, and
                       TIMOTHY HILLER, of Counsel
                       6000 North Bailey Avenue
                       Suite 1A
                       Amherst, New York  14226

                       JAMES P. KENNEDY, JR.
                       UNITED STATES ATTORNEY
                       Attorney for Defendant
                       Federal Centre
                       138 Delaware Avenue
                       Buffalo, New York  14202
                               and
                       EMILY MAXINE FISHMAN
                       Special Assistant United States Attorney, of Counsel
                       Social Security Administration
                       Office of General Counsel
                       26 Federal Plaza
                       Room 3904
                       New York, New York  10278

---

[1] Andrew M. Saul became Commissioner of the Social Security Administration on June 17, 2019, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

## JURISDICTION

On May 27, 2016, the parties to this action consented pursuant to 28 U.S.C.

§ 636(c) to proceed before the undersigned.  (Dkt. 11).  The matter is presently before

the court on Plaintiff's counsel's motion for approval of attorney fees under 42 U.S.C.

§ 406(b), filed November 11, 2020 (Dkt. 19) ("Fee Petition").

## BACKGROUND

Plaintiff commenced this action on March 30, 2015, pursuant to Titles II and XVI

of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking

judicial review of the Commissioner of Social Security's final decision denying Plaintiff's

applications filed with the Social Security Administration ("SSA"), on November 17,

2011, for Social Security Disability Insurance under Title II of the Act ("SSDI"), and on

November 29, 2011, for Supplemental Security Income ("SSI") under Title XVI of the Act

(together, "disability benefits").  Opposing motions for judgment on the pleadings were

filed by Plaintiff on September 8, 2015 (Dkt. 7), and by Defendant on February 8, 2016

(Dkt. 9), and in a Decision and Order filed October 11, 2017 (Dkt. 12) ("D&O"), judgment

on the pleadings was granted by the undersigned in favor of Plaintiff with the matter

remanded to the Commissioner for further proceedings consistent with the D&O.  On

January 9, 2018, in connection with the remand, Plaintiff applied for fees under the

Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") (Dkt. 15), in the amount of

$ 6,000 ("EAJA fee"), which amount the parties agreed to by stipulation filed March 20,

2018 (Dkt. 17), and approved by Text Order entered July 9, 2018 (Dkt. 18), with the

EAJA fee received by Plaintiff's attorney on September 10, 2020.  (Dkt. 19-2 at 2).  On

October 25, 2020, the SSA issued a Notice of Award granting Plaintiff disability benefits

including $ 114,252 in retroactive benefits, of which 25% or $ 28,563 was withheld to pay Plaintiff's attorney fees.  On November 11, 2020, Plaintiff filed the instant Fee Petition (Dkt. 19) pursuant to 42 U.S.C.§ 406(b), seeking $ 28,563 in attorney fees based on 31.5 hours of work, and indicating the EAJA fee was received on September 10, 2020 (Dkt. 19-1 ¶ 12).  In response, the Commissioner asks the court to determine the timeliness of the Fee Petition, as well as the reasonableness of the fee request (Dkt. 22 at 6), but does not otherwise oppose the Fee Petition.  In reply (Dkt. 23), Plaintiff maintains the Fee Petition requests attorney fees that are similar to those awarded in other disability benefit claims cases.

## DISCUSSION

As relevant to the instant motion, the Act provides

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A) ("§ 406").

Here, in retaining counsel in connection with her disability benefits application, Plaintiff executed a contingent Fee Agreement[2] providing counsel with permission to apply for fees up to 25% of any retroactive benefits awarded under § 406 if Plaintiff's disability benefits application required litigation in federal court.

Even if the requested attorney fee does not exceed the statutory 25% cap, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  Where, as here,

---

[2] A copy of the Fee Agreement is filed as Dkt. 19-5.

there exists an attorney-client contingent fee agreement, "§ 406 does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court.  Rather, § 406(b) calls for court review of any such arrangements as an independent check to assure that they yield reasonable results in particular cases."  *Id*.  Contingent fee agreements are also entitled to some deference, *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990), in the interest in assuring that attorneys continue to represent clients such as the plaintiff.  *Gisbrecht*, 535 U.S. at 805.  Nevertheless, contingent fee agreements "are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits."  *Id*.  As such, "[w]ithin the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."  *Id*.

The Second Circuit Court of Appeals has identified three factors to be considered in determining whether to approve the full amount of attorney fees requested under a contingent fee agreement, including (1) whether the requested fee is within the 25% statutory cap; (2) whether there was any fraud or overreaching in making the contingent fee agreement; and (3) whether the requested fee is so large as to be a "windfall" to the attorney.  *Wells*, 907 F.2d at 372.  The court is also required to assess whether the requested fee is inconsistent with the character of the legal representation and the results achieved by legal counsel, as well as whether counsel effected any unreasonable delay in the proceedings to increase the retroactive benefits and, consequently, the attorney's own fee.  *Joslyn v. Barnhart*, 389 F.Supp.2d 454, 456 (W.D.N.Y. 2005) (citing *Gisbrecht*, 535 U.S. at 808).  Here, the Commissioner does not specifically challenge the amount of the attorney fees requested in the Fee Petition but,

4

rather, merely requests the court determine the timeliness of the Fee Petition as well as whether the requested fees are reasonableness.  Dkt. 22 at 6.  Further, the amount of attorney fees requested does not exceed the statutorily permitted 25% of the retroactive disability benefits, and nothing in the record suggests there was any fraud or overreaching in making the contingent fee agreement and, accordingly, the court limits its review to whether Plaintiff's fee request was timely and whether the amount of fees requested in the Fee Petition is reasonable or would be a windfall to counsel.

With regard to the timeliness of the Fee Petition, as Defendant concedes, Dkt. 22 at 2-3, requests for attorney fees filed in connection with an award of disability benefits as permitted by 42 U.S.C. § 406(b) are subject to the 14-day filing period, plus three days for mailing, as provided in Fed.R.Civ.P. 54(d)(2)(B).  *Sinkler v. Comm'r of Soc. Sec.*, 932 F.3d 83, 89 (2d Cir. 2019).  "[T]he fourteen-day filing period starts to run when the claimant receives notice [from the SSA] of the benefits calculation."  *Id.*, 932 F.3d at 91.  In the instant case, Plaintiff's counsel's filing of the Fee Petition on November 11, 2020, was seventeen days after the October 25, 2020 letter advising Plaintiff of the Commissioner's favorable decision awarding Plaintiff disability benefits.  Accordingly, the Fee Petition was timely filed.

Insofar as Defendant requests the court consider whether the amount of fees requested in the Fee Petition is reasonable, Plaintiff's counsel requests as attorney fees $ 28,563, which is equal to the statutory 25 % cap based on the $ 114,252 retroactive disability benefits awarded Plaintiff.  Dividing the requested fee of $ $ 28,563 by 31.5 hours results in an hourly rate of $ 906.76.  When analyzing whether a fee award is reasonable or amounts to a windfall to the attorney, courts consider whether (1) the

attorney's efforts were particularly successful, (2) the attorney expended effort through pleadings that were not boilerplate and arguments requiring research and issues of material fact, and (3) the attorney, based on his experience litigating Social Security matters, handled the case with efficiency. *McDonald v. Comm'r of Soc. Sec.*, 2019 WL 1375084, at * 2 (W.D.N.Y. Mar. 27, 2019) (citing *Wargo v. Colvin*, 2016 WL 787960, at *2 (W.D.N.Y. Mar. 1, 2016)).

In the instant case, it cannot be denied that counsel's efforts in this matter were clearly successful as they resulted in an award of benefits to Plaintiff upon remand. Plaintiff's counsel asserts he expended a total of 31.5 hours representing Plaintiff in this matter, including, *inter alia*, reviewing the decision of the Administrative Law Judge ("ALJ") denying Plaintiff benefits at the administrative level, reviewing the administrative record, preparing and filing the complaint and motion to proceed *in forma pauperis*, preparing and filing certificate of service, researching, drafting, reviewing and filing the motion for judgment on the pleadings, which included a memorandum of law in support of Plaintiff's claim, and preparing and filing the EAJA motion. Dkt. 19-1 at 2-3. Given the amount and type of work required in this action, this hourly rate of $ 906.76 would be consistent with fees awarded in similar cases. *See*, *e.g.*, *McDonald*, 2019 WL 1375084, at * 2-3 (approving attorney fee award of $ 30,602.75 for 29.1 hours of work resulting in hourly rate of $ 1,051.64); *Joslyn v. Barnhart*, 389 F.Supp.2d 454, 455-56 (W.D.N.Y. 2005) (approving attorney fee award of $ 38,116.50 for 42.75 hours of work resulting in hourly rate of $ 891.61).

Further, although Defendant notes several cases where courts have reduced fees approaching $ 1,000 per hour, the reduction was attributed to the modest amount

of work performed on the case.  *See*, *e.g.*, *Mitchell v. Astrue*, 2019 WL 1895060, at * 5 (E.D.N.Y. Apr. 29, 2019) (awarding attorney fees at $ 500 hourly rate where the plaintiff's attorney expended only 1.6 hours on the case before the Commissioner agreed to remand); and *Devenish v. Astrue*, 85 F.Supp.3d 634, 638 (E.D.N.Y. 2015) (awarding § 406(b) fees in amount reflecting hourly rate reduced to $ 350 from $ 1,000 where plaintiff's attorney never prepared any memorandum of law nor advanced any legal arguments because the matter was remanded to the SSA by stipulation).  In contrast, here, the record shows the Plaintiff's counsel reviewed the entire record and prepared the necessary pleadings, motions, and memoranda of law.

In these circumstances, the court finds the hourly rate  of $ 906.76 is not unreasonable, such that the requested fees of $ 28,563 for 31.5 hours of work also is not unreasonable.

## CONCLUSION

Based on the foregoing, Plaintiff's Fee Petition seeking attorney fees pursuant to § 406(b) (Dkt. 19) is GRANTED; Plaintiff is awarded $ 28,563 in fees to be paid from the funds withheld from Plaintiff's retroactive benefits award.  Plaintiff's counsel is directed to remit to Plaintiff the $ 6,000 received for the EAJA fee award.

SO ORDERED.

/s/  *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:        April 6th, 2021
              Buffalo, New York